**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

ROBERT L. SMALL,

        Plaintiff,

v.

GARY M. LANIGAN, et al.,

        Defendants.

Civil Action No. 11-2565 (AET)

**O P I N I O N**

RECEIVED
MAR 16 2012
AT 8:30 ___
WILLIAM T. WALSH ___ M
CLERK

---

**APPEARANCES:**

Robert L. Small, Pro Se
526636B/599249
2C Wing #24
NJSP
P.O. Box 861
Trenton, NJ 08625

Rudolph A. Socey, Jr., Esq.
Lenox, Socey, Wilgus, Formidoni, Brown, Giordano & Casey
3131 Princeton Pike, Building 1B
Trenton, NJ 08648
Attorney for Defendants Azara, UMDNJ, and Ivery

Erin Marie Greene, Esq.
Office of the Attorney General
25 Market Street, P.O. Box 112
Trenton, NJ 08625
Attorney for Defendants Lanigan, Woodward, Trillo, Ahsan, Mwachukwa, and Cocuzza

**THOMPSON, District Judge**

    Plaintiff, Robert L. Small, currently incarcerated at the New Jersey State Prison, Trenton, New Jersey, filed a complaint

pro se alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983.

On August 3, 2011, counsel for defendant University of Medicine and Dentistry of New Jersey ("UMDNJ") filed a motion to dismiss (docket entry 7). Plaintiff filed a response in opposition to the motion (docket entry 17).

After issues with service, defendants Ahsan, Cocuzza, Lanigan, Mwachukwa, Trillo, and Woodward, through counsel, filed a motion to dismiss or for summary judgment (docket entry 34). On January 23, 2012, defendants Azara and Ivery filed a motion to dismiss (docket entry 42).

Plaintiff's motion to appoint counsel was granted, then vacated and denied (docket entries 50, 52, 53). The decision to deny counsel by the Magistrate Judge is currently on appeal to this Court (docket entry 54).

The Court has reviewed all submissions and has decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the following reasons, the motions to dismiss will be denied. The motion to dismiss and for summary judgment will be denied, without prejudice, except that Plaintiff's claims against the Defendants in their official capacities will be dismissed.

## I. Legal Standard

### 1. Rule 12(b)(6) Standard

The Court must review the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which provides for dismissal of a claim for failure to state a claim upon which relief may be granted. Federal Rule of Civil Procedure 8(a) requires that to state a claim for relief, a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When evaluating the sufficiency of claims subject to the pleading requirements of Rule 8(a), the Court must apply the plausibility standard articulated by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009). In Twombly and Iqbal, the Supreme Court stressed that a complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

The cases are also clear about what will not suffice: "threadbare recitals of the elements of a cause of action," an

"unadorned, the-defendant-unlawfully-harmed-me accusation" and conclusory statements "devoid of factual enhancement." Id. at 1949-50; Twombly, 550 U.S. at 555-57. While the complaint need not demonstrate that a defendant is probably liable for the wrongdoing, allegations that give rise to the mere possibility of unlawful conduct will not do. See Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 557. The issue before the Court "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (relying on Twombly to hold that to survive a motion to dismiss a Complaint must assert "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element").

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the allegations of the complaint, documents attached or specifically referenced in the complaint if the claims are based upon those documents and matters of public record. See Winer Family Trust v. Queen, 503 F.3d 319, 327 (3d Cir. 2007); Sentinel Trust Co. v. Universal Bonding Ins. Co., 316 F.3d 213, 216 (3d Cir. 2003).

## 2. Summary Judgment Standard

Summary judgment is appropriate under Fed. R. Civ. P. 56 if, on the record, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Carrasca v. Pomeroy, 313 F.3d 828, 832-33 (3d Cir. 2002). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In deciding whether summary judgment should be granted, the Court considers the facts drawn from the "pleadings, the discovery and disclosure materials on file, and any affidavits" and must "view the inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion." Fed. R. Civ. P. 56(c); Curley v. Klem, 298 F.3d 271, 276-77 (3d Cir. 2002) (internal quotations omitted).

However, while the Court shall "view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor," Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007) (citation omitted), summary judgment will not be denied based on mere allegations or denials in the pleadings; instead, some evidence must be produced to support a material fact, and this requires more than the "mere existence of a

scintilla of evidence" supporting the non-moving party." <u>Anderson</u>, 477 U.S. at 252; <u>see also</u> Fed. R. Civ. P. 56(c)(1)(A); <u>United States v. Premises Known as 717 S. Woodward Street, Allentown, Pa.</u>, 2 F.3d 529, 533 (3d Cir. 1993). Thus, to survive a motion for summary judgment, there must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." <u>Anderson</u>, 477 U.S. at 249.

### 3. 42 U.S.C. § 1983

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. <u>See</u> <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981), <u>overruled in part on other grounds by Daniels v. Williams</u>, 474 U.S. 327 (1986); <u>Adickes v.</u>

S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## II. **Plaintiff's Claims**

The following facts are taken from Plaintiff's complaint.

Citing 42 U.S.C. § 1983 as his basis for jurisdiction, Plaintiff seeks to sue Gary Lanigan, the Commissioner of the New Jersey Department of Corrections ("NJDOC"); Ralph Woodward, the Medical Director of the NJDOC; UMDNJ as the health care provider for NJDOC; Greg Bartkowski, the Administrator of the New Jersey State Prison ("NJSP"); Patricia Azara, the Administrative Health Service Provider at NJSP; Cathy Trillo, the Department Manager at NJSP; Dr. Abu Ahsan and Dr. Ihuoma Mwachukwa, physicians at NJSP; Donique Ivery and Margaret Cocuzza, Nurse Practitioners at NJSP.

Plaintiff's Statement of Claims can be categorized into the following incidents.

First, Plaintiff, who is paralyzed from the waist down, complains that on October 19, 2010, he noticed that his wheelchair had a bar hanging down on it, underneath the "sitting rest." Plaintiff states the bar was a safety hazard and could injure him if it was to break off completely. At the time he filed the complaint, the wheelchair made popping type sounds and could not go backwards due to the hanging bar. (Complt., ¶¶ 11-14). Plaintiff contacted defendant Trillo, who ignored his request to have the chair repaired. On January 12, 2011,

7

Plaintiff was offered a new chair, but the chair was substandard and in worse condition than his chair. (Complt., ¶¶ 15-16). Defendants Lanigan, Bartkowski, Azara, and Trillo were made aware of the situation with letters, all of which were ignored. (Complt., ¶ 17).

Next, Plaintiff states that on November 5, 2010, he began to experience rectal bleeding, and was seen by defendant Ivery. Plaintiff asked to be seen by someone else, since he did not like Ivery's attitude toward prisoners, and Ivery threatened to withhold his pain medication. Being paralyzed, if he were denied pain medication he would become totally immobile, so he let Ivery conduct a rectal exam. (Complt., ¶¶ 19-21). Plaintiff states that as a result of their argument, defendant Ivery reduced Plaintiff's pain medication, canceling defendant Dr. Ahsan's previous medication order. With the reduced medication, Plaintiff describes his pain as "unbearable." (Complt., ¶¶ 22-25). Plaintiff wrote to defendant Trillo about the medicine reduction, as well as Lanigan, Bartkowski, and Azara, who ignored his grievances. Plaintiff also completed the Inmate Remedy System Forms ("IRSF"), "yet Defendant Greg Bartkowski has consistently refused to answer the final 'administrative decision' section of 'all' of the 'Inmate Remedy Forms' that Small submitted. This was deliberately done to prevent Small

8

from exhausting his administrative remedies." (Complt., ¶¶ 26-31).

Plaintiff has repeatedly asked the defendants for pain management. Plaintiff states, "[a]t some point, Defendant Greg Bartkowski instructed Defendant Ahsan to do some thing [sic] about Small." (Complt., ¶¶ 32-33). Defendant Ahsan saw Plaintiff on February 1, 2011, and lowered his pain medication again. Plaintiff alleges, "Defendant Ahsan said that it was suggested that he take care of the problem, it didn't necessarily have to work. At this time he told Small to get out of his office." (Complt., ¶ 34).

On February 23, 2011, Plaintiff was seen by Dr. Mwachukwa, who talked to Plaintiff and told him that "she doesn't believe in modern medicine, and the use of pain killers, and if it was up to her, no body [sic], incarcerated or in society would receive pain medication. Defendant Mwachukwa goes on and on about a holistic/natural self healing process towards all medical ailments." As a result, Plaintiff states he received no medical treatment from defendant Mwachukwa. (Complt., ¶¶ 35-38).

Plaintiff was also seen by Ivery on March 11, 2011 and Cocuzza on April 6, 2011, and was told after ten or fifteen seconds with no examinations, that there was nothing they could do for him for his excruciating pain. Despite his attempts to see a pain specialist, all defendants "chose to ignore their legal responsibilities, demonstrating deliberate indifference to

Small's safety, medical care, and his overall well being." (Complt., ¶¶ 39-43).

Plaintiff asks for monetary and other relief.

### III. **Defendants' Motions to Dismiss**[1]

Defendants assert that Plaintiff has failed to state a claim for an Eighth Amendment violation. Defendants consider Plaintiff's claims "bald conclusions," that are "devoid of any facts that support a claim of 'deliberate indifference.'" (Brief, docket entry 7 at pp. 17-18 of 19).

Defendants further argue that Plaintiff has failed to exhaust his administrative remedies; the claims against the defendants in their official capacities should be dismissed; the claims against Lanigan, Woodward and Trillo should be dismissed because they are based solely on an impermissible theory of respondeat superior; summary judgment is warranted because defendants were not deliberately indifferent to Plaintiff's medical needs; Plaintiff's conspiracy claim fails to state a claim; Defendants are entitled to qualified immunity; and Plaintiff's claims for punitive damages must be dismissed as Plaintiff has not shown he is entitled to such relief. (Brief, docket entry 34-2).

---

[1] Defendants UMDNJ, Azara, and Ivery filed motions to dismiss (docket entries 7 (UMDNJ) and 42 (Azara and Ivery)). These defendants have also joined in the motion filed by the remaining defendants, which is to dismiss and for summary judgment (docket entry 34).

10

IV. **Analysis**

    1.   <u>Medical Care Standard</u>

    The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. See <u>Estelle v. Gamble</u>, 429 U.S. 97, 103-04 (1976). In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege a serious medical need and behavior on the part of prison officials that constitutes deliberate indifference to that need. See <u>id.</u> at 106.

    To satisfy the first prong of the <u>Estelle</u> inquiry, the inmate must demonstrate that his medical needs are serious. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992). Serious medical needs include those that have been diagnosed by a physician as requiring treatment or that are so obvious that a lay person would recognize the necessity for a doctor's attention, and those conditions which, if untreated, would result in lifelong handicap or permanent loss. See <u>Monmouth County Correctional Institutional Inmates v. Lanzaro</u>, 834 F.2d 326, 347 (3d Cir. 1987).

The second element of the Estelle test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need. "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. See Farmer v. Brennan, 511 U.S. 825, 837-38 (1994). Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference. See Andrews v. Camden County, 95 F. Supp.2d 217, 228 (D.N.J. 2000); Peterson v. Davis, 551 F. Supp. 137, 145 (D. Md. 1982), aff'd, 729 F.2d 1453 (4th Cir. 1984). Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims." White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990). "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment." Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotation and citation omitted). Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation. See Estelle, 429 U.S. at 105-06; White, 897 F.3d at 110.

Therefore, in summary:

> Where prison authorities deny reasonable requests for medical treatment, however, and such denial exposes the

> inmate "to undue suffering or the threat of tangible residual injury," deliberate indifference is manifest. Similarly, where "knowledge of the need for medical care [is accompanied by the] ... intentional refusal to provide that care," the deliberate indifference standard has been met. ... Finally, deliberate indifference is demonstrated "[w]hen ... prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of evaluating the need for such treatment."

Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987)(internal citations omitted).

    2.   <u>The Motions to Dismiss will be Denied.</u>

Faced with only the complaint, it is clear that Plaintiff has stated a claim sufficient to withstand a 12(b)(6) dismissal. As explained, in Eighth Amendment medical care claims, Plaintiff must allege a serious medical need, and deliberate indifference on the part of the state actor.

The Court notes that no discovery has yet occurred in this case.

Further, Defendants do not dispute that Plaintiff's paralysis and requisite pain are "serious medical needs." Rather, they insist that the defendants were not deliberately indifferent to those needs. Whether or not that is true is a matter left to discovery in the normal course of litigation. Plaintiff asserts in this complaint that his pain medication has been reduced arbitrarily, despite his pain increasing. He relays facts indicating that his examinations were nothing more than him

being told that he couldn't be helped. He states in his complaint that he put in twenty five sick call slips and was seen only ten times. Plaintiff asserts facts that the wheelchair he uses has a safety hazard, which is being ignored by defendants. Plaintiff's complaint is not "devoid of facts," by any means. His complaint is replete of facts concerning his medical needs.

Based on the foregoing, this Court finds that Plaintiff has asserted factual allegations which are sufficient to show that he has a "plausible claim for relief." See Iqbal, 129 S. Ct. at 1950. At this stage, it is clear that Plaintiff's complaint withstands dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

    3.   Defendants' Summary Judgment Motion

This Court agrees with Defendants' claim that Plaintiff's claims for monetary relief against the state actor Defendants in their official capacities must be dismissed. See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989); Kentucky v. Graham, 473 U.S. 159 (1985); Miller v. Rutgers, 619 F. Supp. 1386, 1392-93 (D.N.J. 1985).

At this point in the litigation, this Court disagrees with Defendants' claim that Plaintiff's claims against Lanigan, Woodward, and Trillo are based on a theory of respondeat superior. Local government units and supervisors are not liable under § 1983 solely on a theory of respondeat superior. See City

of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. New York City Department of Social Services, 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003). "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted). Accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995). In this case, Plaintiff's complaint alleges that these defendants were made aware of his claims and his medical treatment and requests, and chose to ignore him. As pled, Plaintiff's complaint alleges personal involvement through actual knowledge, and acquiescence, and Defendants' claims are denied, without prejudice.

This Court finds that Defendants' claims that defendants are entitled to qualified immunity on Plaintiff's claims, and that punitive damages are not warranted, are denied, without

15

prejudice. Defendants have not yet answered the complaint, and discovery has not taken place. Thus, at this point, there is no way for the Court to make these determinations as to reasonableness of defendants' actions, or whether or not Plaintiff can make the requisite showing to warrant punitive damages.

As to Defendants' claim that Plaintiff has not exhausted administrative remedies, this Court notes that Court of Appeals for the Third Circuit recently confirmed that: "inmates 'need only exhaust such administrative remedies as are available,' and, . . . , '[a]ffirmative misconduct by prison officials designed to impede or prevent an inmate's attempts to exhaust may render administrative remedies unavailable,'". See Beaton v. Tennis, 2012 WL 266967 (3d Cir. Jan. 31, 2012)(internal citations and quotations omitted). In this case, Plaintiff pleads that:

> Small has submitted countless "Inmate Remedy System Forms" (IRSF-101) in an attempt to receive some form of pain management, due to Defendant Ivery reducing Small's pain medication, yet Defendant Greg Bartkowski has consistently refuse to answer the final "administrative decision" section of "all" of the "Inmate Remedy Forms" that Small submitted. This was deliberately done to prevent Small from exhausting his administrative remedies. Small has even sent four (4) of the unanswered IRSF-101's . . . to Defendant Lanigan, asking that he order Defendant Bartkowski to reply to the IRSF-101's to no avail.
>
> Defendant Bartkowski is still in possession o f(2) of the IRSF-101's that Small submitted, and has yet to return them answered. . . . Small has submitted several other IRSF-101's forms, which Small hasn't received an initial response to.

(Complt., ¶¶ 28-29).

Defendants note that Plaintiff alleged that he mailed each IRSF to Defendant Lanigan, however, he cannot show they were received by Lanigan, that despite Plaintiff's allegations that he was deliberately prevented from exhausting, the assertions are clearly without merit. (Brief, docket entry 34-2, at pp. 29-30 of 55).

At this point in the litigation, this Court will deny Defendants' claims, without prejudice.

### CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss (docket entries 7, 42) are denied. Defendants' motion for summary judgment (docket entry 34) is denied, with the exception of the official capacity argument, which is granted.

An appropriate Order accompanies this Opinion.

_____
ANNE E. THOMPSON
United States District Judge

Dated: 3/15/12