RECEIVED

MAR 30 2012

NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WILLIAM T. WALSH
CLERK

Robert L. SMALL,

    Plaintiff,

    v.

Gary M. Lanigan, et al.,

    Defendants.

Civil No. 11-2565

**MEMORANDUM OPINION & ORDER**

THOMPSON, U.S.D.J.

    This matter comes before the Court on Plaintiff Robert L. Small's appeal of Magistrate Judge Douglas E. Arpert's decision dated February 16, 2012, denying the appointment of counsel [docket # 54]. Defendants Abu Ahsan, Margaret Cocuzza, Gary M. Lanigan, Ihuoma Mwahukwa, Cathy Trillo, and Ralph Woodward (the "Defendants") oppose the appeal [55]. The Court has decided the Appeal upon the submissions of the parties and without oral argument pursuant to Fed. R. Civ. P. 78(b). In view of this Court's Order of March 16, 2012 denying Defendants' Motion to Dismiss and for Summary Judgment [57], the Court believes appointment of counsel is appropriate at this time and will order such relief.

    Neither the Supreme Court nor the United States Court of Appeals for the Third Circuit has found a constitutional right to counsel for litigants in a civil case. *Parham v. Johnson*, 126 F.3d 454, 456 (3d Cir. 1997). A court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). District courts are vested with broad discretionary authority to determine whether counsel should be appointed to represent such a civil *pro se*

plaintiff. *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, the Third Circuit has indicated that courts should be careful in appointing *pro bono* counsel because "volunteer lawyer time is a precious commodity [which] should not be wasted on frivolous cases." *Parham*, 126 F.3d at 458. A court should only consider appointing counsel if the plaintiff has not alleged a frivolous or malicious claim. *Id.* at 457. Therefore, as a threshold matter, this Court must first consider the merits of a plaintiff's claim. *Tabron*, 6 F.3d at 155 ("Before the court is justified in exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law.") (citation omitted).

If a plaintiff's claim has arguable merit, the court will then consider a number of additional factors that bear on the need for appointed counsel, including: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the plaintiff's ability to pursue such investigation; (4) the likelihood that the case will turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can obtain and afford counsel on his own behalf. *Parham*, 126 F.3d at 457. This list of factors is not exhaustive, but instead is intended to serve as a guidepost for the district courts.

As noted in this Court's Opinion of March 16, 2012, Plaintiff has satisfied the threshold requirement of presenting an arguably meritorious claim. Moreover, upon consideration of the *Parham* factors, the Court considers appointment of counsel to be justified in this case. Plaintiff notes that every "pleading, motion, application, and letter, that Plaintiff has submitted to the court thus far has been written by another prisoner" or copied from other pleadings prepared by his former counsel in another case. (Pl.'s Certification ¶¶8-12). While the Court finds no error in Magistrate Judge Arpert's decision to deny counsel, the Court believes that appointment of

counsel is appropriate at this stage, particularly given Plaintiff's apparent administrative segregation and the scope of discovery in this case.

For the foregoing reasons, IT IS on this 29 day of March 2012,

ORDERED that Plaintiff's APPEAL [docket # 54] is GRANTED;

ORDERED that Plaintiff is to be appointed *pro bono* counsel from the civil *pro bono* panel established by this Court in accordance with Appendix H to the Local Rules; and it is

ORDERED that a copy of this Order be mailed to Plaintiff.

ANNE E. THOMPSON, U.S.D.J.