NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Robert L. SMALL,

        Plaintiff,

v.

Gary M. LANIGAN, et al.,

        Defendants.

Civ. No. 11-2565

OPINION

THOMPSON, U.S.D.J.

## I. INTRODUCTION

This matter comes before the Court upon two motions to dismiss filed by Defendants Paula Azara, Abu Ahsan, Ihuoma Nwachuwka, Donique Ivery, Margaret Cocuzza, and Catherine Trillo ("Defendants"). (Docket Nos. 92, 93). Plaintiff Robert L. Small ("Plaintiff") opposes the motions. (Docket Nos. 97, 98). The Court has decided the matter upon consideration of the parties' written submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78(b). For the reasons given below, Defendants' motions to dismiss are granted in part and denied in part.

## II. BACKGROUND

Plaintiff, a New Jersey state prisoner, initiated this lawsuit regarding inadequate medical treatment on May 5, 2011. (Docket No. 1). Plaintiff then filed an amended complaint ("Amended Complaint") on October 15, 2012. (Docket No. 79). Count Two of Plaintiff's Amended Complaint alleges medical malpractice for the following four reasons: (1) "failing to provide Plaintiff with a safe and operable wheelchair;" (2) "withholding Plaintiff's prescribed

1

pain medication as a form of punishment;" (3) "failing to respond to Plaintiff's repeated requests for medical treatment;" and (4) "failing to properly evaluate Plaintiff's medical condition and needs." (*Id*. at ¶ 58). Defendants filed an answer to Plaintiff's Amended Complaint on December 26, 2012. (Docket No. 83). As Plaintiff has not submitted an affidavit of merit in support of his medical malpractice claim, (Docket No. 93), Defendants now move to have Count Two of the Amended Complaint dismissed for failure to provide an affidavit of merit, (Docket Nos. 92, 93).

### III.  ANALYSIS

Under New Jersey law,

> [i]n any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices.

N.J.S.A. 2A:53A-27. The court may grant one 60 day extension. *Id*. If a plaintiff fails to provide the affidavit within the statutorily prescribed time period, "it shall be deemed a failure to state a cause of action." N.J. Stat. Ann. § 2A:53A–29.

In this case, Defendants filed their Answer on December 26, 2012. (Docket No. 83). Plaintiff has not provided an affidavit of merit and the deadline for filing an affidavit of merit has passed. Plaintiff contends that the failure to provide an affidavit of merit is excused by the common knowledge exception.

The New Jersey Supreme Court first articulated the common knowledge exception to the affidavit of merit statute in *Hubbard v. Reed*. 168 N.J. 387 (N.J. 2001). The common knowledge exception applies in cases where "the threshold of merit should be readily apparent

from a reading of the plaintiff's complaint," *id*. at 395, and where "the carelessness of the defendant is readily apparent to anyone of average intelligence and ordinary experience," *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 579-80 (3d Cir. 2003)(quoting *Rosenberg by Rosenberg v. Cahill*, 99 N.J. 318, 326 (1985)).  In common knowledge cases, a plaintiff "will not need expert testimony at trial to establish the standard of care or a deviation therefrom." *McBride v. Cnty. of Atl.*, Civ. No. 10-2773, 2011 WL 3236212, at *4 (D.N.J. July 28, 2011)(quoting *Hubbard*, 168 N.J. at 395).

The New Jersey Supreme Court has cautioned that the exception should be applied "narrowly in order to avoid non-compliance with the statute. Indeed, the wise course of action in all malpractice cases would be for the plaintiffs to provide affidavits even when they do not intend to rely on expert testimony at trial." *Hubbard*, 168 N.J. at 396.  In keeping with the New Jersey Supreme Court's guidance, courts only apply the common knowledge exception in exceptionally obvious cases of medical malpractice.  *McBride*, 2011 WL 3236212, at *4; *Hubbard*, 168 N.J. 387 (applying the exception where a dentist pulled the wrong tooth); *Palanque v. Lambert-Woolley*, 168 N.J. 398, 400 (2001) (applying the exception where a doctor misread test results and performed unnecessary surgery); *Bender v. Walgreen E. Co., Inc.*, 945 A.2d 120 (App. Div. 2008) (applying the exception where a pharmacist filled a prescription with the wrong drug).  Examples of cases which *did not* warrant a common knowledge exception further underscore the high bar for meeting the exception. *McBride*, 2011 WL 3236212, at *4; *Lazerson v. Balthaser*, A-5713-07T1, 2009 WL 1617853, at *3 (N.J. Super. Ct. App. Div. June 10, 2009) (refusing to apply the exception where a plaintiff was injured on a defective treadmill because it involved "sophisticated medical equipment, which was performed by a licensed professional"); *D'Amico v. Jersey Shore University Medical Center*, A-1155-08T2, 2009 WL

3

2426339, at *2 (N.J. Super. Ct. App. Div. Aug. 10, 2009) (refusing to apply the exception where a physician left a pebble inside a plaintiff's knee during surgery because "some objects may safely be left in tissue, and it may be more harmful to remove an object than to leave it in").

Plaintiff's accusation of medical malpractice is based on four claims: (1) Defendants' failure "to provide Plaintiff with a safe and operable wheelchair;" (2) Defendants' failure to provide "prescribed pain medication as a form of punishment;" (3) Defendants' failure "to respond to Plaintiff's repeated requests for medical treatment;" and (4) Defendants' failure "to properly evaluate Plaintiff's medical condition and needs." (Docket No. 79 at ¶ 58). A jury would require an expert's opinion to evaluate whether Plaintiff's medical conditions were properly evaluated. *See Lazerson*, 2009 WL 1617853, at *3; *McBride*, 2011 WL 3236212, at *4. Thus, Defendants' motions to dismiss Count Two are granted to the extent Plaintiff's claims involve allegations concerning whether Plaintiff's medical conditions were properly evaluated.

However, a jury may not require the assistance of an expert to consider the safety of a wheelchair, nor would it need an expert to judge a doctor withholding prescribed pain medication as a form of punishment, or a doctor failing to respond to a patient's requests for medical treatment. As it appears that an expert is not required to evaluate these claims, Defendants' motions to dismiss are denied with respect to Plaintiff's claims that Defendants provided Plaintiff with an unsafe wheelchair, withheld pain medication as a form of punishment, and failed to respond to requests for medical treatment.

IV.  <u>CONCLUSION</u>

For the foregoing reasons, Defendants' Motions to Dismiss for Failure to Provide an Affidavit of Merit are granted in part and denied in part.  An appropriate order will follow.

<u>/s/ Anne E. Thompson</u>
ANNE E. THOMPSON, U.S.D.J.

Date: October 4, 2013